UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　　Plaintiff,<br>　　v.<br>BAZAARVOICE, INC,<br>　　　　　　Defendant.<br>_____/ | No. C 13-00133 EMC (LB)<br><br>**ORDER RE PROTECTIVE ORDER AND OTHER DISCOVERY ISSUES RAISED IN JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>[Re: ECF No. 31] |

## INTRODUCTION

There are two discovery categories pending: (1) the parties' disagreements about language in the protective order (raised in the joint letter brief at ECF No. 31), and (2) issues identified in the joint case management conference statement at ECF No. 26.

## ANALYSIS

**I. PROTECTIVE ORDER**

Given the deadlines in this case, a protective order needs to be entered immediately. The undersigned read the parties' joint letter brief at ECF No. 31 and concludes that Defendant has the better argument, especially because the government is not precluded from moving to modify the protective order.

More specifically, as to section 7.6(c), Defendant's proposal mirrors Plaintiff's proposal with these permitted disclosures: to authorized persons in the Executive Branch, for law enforcement purposes, to enforce the judgment, or for other purposes authorized by law. Ex. A, Joint Letter

1  Brief, ECF No. 31-1 at 2. Plaintiff proposes adding as a permitted use that it may use produced
2  information "in the course of any other legal proceeding in which the United States is a party." As
3  support for that proposal, Plaintiff cites its special obligations and points to other stipulated
4  protective orders that include that provision. But as Defendant points out, those were stipulated
5  orders. It may be that the Department of Justice can articulate the reasons that it ought to be able to
6  use the information in any other legal proceeding, but it can do so in the procedural posture of
7  asking to modify the order (and it may do so with a more robust showing in a joint letter brief). For
8  now, absent that illumination, the disclosures need to be made, and they cannot be made until the
9  protective order is filed.

10  As to section 13, which governs the return or destruction of confidential material at the end of a
11  case, Plaintiff wants to be able to retain and use confidential or highly confidential information "for
12  law enforcement purposes or as otherwise required by law." Defendant proposes that "[s]hould
13  plaintiff want to retain any protected information for the purposes set forth in section 7.6(c)," which
14  include for a law enforcement purpose or as authorized by law, it needs to ask the court at the end of
15  litigation to modify the order to permit it to do so. Ex. A, Joint Letter Brief, ECF No. 31-1 at 3-4.

16  Given the allegations in the complaint, the undersigned cannot see why the determination needs
17  to be made now in such a blanket way without any grounding in whatever discovery ultimately is at
18  issue. The government ought to ask to keep it after it gets it (as opposed to before it even sees it).
19  Also, at the end of a case or investigation, the Antitrust Division returns materials absent specific
20  authorization to return them. Joint Letter Brief, ECF No. 31 at 4 n.5 (citing Antitrust Division
21  Policy). If the Division were to say – after reviewing the documents – that it wants to retain them as
22  "'relevant to a current or actively contemplated Department investigation or case'" or that they
23  "'will be of substantial assistance in the Division's continuing enforcement responsibilities,'" then
24  the undersigned would agree that the protective order ought to be modified then to permit such
25  retention. *Id.* (quoting Antitrust Division policy). For now, and without any suggestion that the
26  Antitrust Division's request is grounded in this particular case, the parties can rely on the standard
27  order to get the productions moving.

28  In sum, the court authorizes the protective order in Exhibit B with Defendant's proposed terms in

ORDER
C 13-00133 EMC (LB)                    2

Exhibit A.  *See* Ex. A & Ex. B to Joint Letter Brief, ECF Nos. 31-1 & 31-2.  The parties should submit a stipulated order so that the docket is clear.

## II. PENDING MATTERS IN JOINT CMC STATEMENT

There are other discovery issues in the joint CMC statement: (1) production of the data used to create the charts on pages 23, 65, and 81 of the white paper that counsel for Bazaarvoice submitted to the Department of Justice on December 5, 2012; (2) what a privilege log ought to look like (document by document or categorical); and (3) the use of the investigative deposition of Mr. Godfrey.  As to issue 1, the court cannot tell from the joint CMC statement what the data is or what the burdens might be.  As to issue 2, Defendant cited some cases, and Plaintiff did not, but it seems ripe for discussion, and issue 3 does too.

The court previously set a discovery hearing on the joint letter brief for Thursday, March 7, 2013, and it keeps it to discuss these issues.  To the extent that the parties want to illuminate point 1, it might be helpful to at least submit the chart to the court in advance (say, by Monday, March 4, 2013, at 4 p.m.).

## CONCLUSION

To avoid any further delay with discovery, and because Plaintiff's proposed uses can be addressed easily and without undue burden on the Department of Justice later in the case, the court grants Defendant's proposed protective order.  This disposes of ECF No. 31.

The court keeps the hearing that is now set for March 7, 2013 to discuss the remaining issues.

**IT IS SO ORDERED.**

Dated: March 4, 2013

LAUREL BEELER
United States Magistrate Judge