UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| UNITED STATES,<br><br>                Plaintiff,<br>       v.<br><br>BAZAARVOICE, INC,<br><br>                Defendant.<br>_____/ | No. C 13-00133 EMC (LB)<br><br>**ORDER GRANTING IN PART BAZAARVOICE'S REQUEST FOR ADDITIONAL HOURS FOR THIRD-PARTY DEPOSITIONS**<br><br>[Re: ECF No. 66 ] |

## INTRODUCTION

The United States filed this lawsuit for equitable relief against Bazaarvoice, alleging that its June 2012 acquisition of PowerReviews violated section 7 of the Clayton Act. *See* Complaint, ECF No. 1.[1] Bazaarvoice sells product ratings and reviews platforms that allow companies to collect, organize, and display customer-generated ratings and reviews. A high-level view of the case is that PowerReviews was a lower-priced competitor, Bazaarvoice's sales were direct and negotiated client-by-client, PowerReviews was the only competition for direct sales, and – even if PowerReviews was only an ankle-biter – the acquisition affected the pricing and a competitive model that (without PowerReviews) would allow Bazaarvoice to fashion a price that would match what the customer would pay. *See* Complaint, ¶¶ 27-29.

The parties have a discovery dispute about Bazaarvoice's request for additional hours for third-

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

party depositions. The court held a hearing on June 11, 2013 and orders an updated initial witness list, a deposition schedule, and an additional 20 hours of non-party depositions pursuant to the restrictions in this order.

## ANALYSIS

This case is on a fast track. The tension here is between Defendant's ambitious discovery plan and a short time line to trial. The district court limited depositions to 170 hours for each side (with a total of 90 hours each allocated to non-party witnesses). Order, ECF No. 29 at 2. In setting the cap, the district court said the following:

> Here's what I'm going to do. I do think 90 hours, again, is a fair number to start with. Again, if you find that you need more time, you need a lot more witnesses, you can demonstrate cause, I think without much difficulty, and ask the Magistrate Judge to lift the cap.

ECF No. 38 at 16:2-6.

At the June 11 hearing, the government proffered that it had taken 40 of 80 hours of party depositions and 33 of 90 hours of non-party depositions, and Bazaarvoice has taken 70 of 90 hours of non-party depositions. With two-and-one-half weeks to go, Bazaarvoice wants an additional 60 hours of non-party depositions (although it does not expect that it can use all the hours) to add to the 20 hours it has left. (When the parties filed their joint letter brief on May 28, 2013, Bazaarvoice apparently had about half of its hours left. *See* Joint Letter Brief, ECF No. 66 at 1.)

To boil down the parties' positions, the government's view is that the depositions are of marginal relevance. It thinks that the case should come in at trial through expert testimony and the business documents that are the contemporaneous records of the competitive dynamics in the market place. *Id.* at 4. It disputes the utility of customer witnesses, who at best show only a lack of effect on competition right now. *Id.* It believes that Bazaarvoice is playing discovery games to make it harder for the United States to develop its case-in-chief, and it believes everyone would be better served by focusing on trial. *See id.* at 4-5. Bazaarvoice, by contrast, views the government as being less than forthcoming about its theory of the case (as its position in the last dispute about the sufficiency of the contention interrogatories shows), and – as it has shown throughout the litigation by its push to trial – is concerned about the case's impact on its business model. It disputes any intent to create an inappropriate burden and says that the depositions will illuminate the competitive

1  effect (or lack thereof). *Id.* at 2-3. It also is conducting and will conduct many short depositions (45
2  to 90 minutes) by telephone. *Id.*

3  As the undersigned said at the hearing and previously when ruling on the issues about contention
4  interrogatories, its view is that the government is presenting its theory of the case now and as it
5  evolves, and what the disagreements show is not a lack of forthcomingness by the government and
6  instead a fundamental disagreement about the case. *See* Order, ECF No. 57 at 3-6. On the flip side,
7  Bazaarvoice's approach to establish competitive effect at some point becomes repetitive and of
8  diminishing utility, but the court accepts now Bazaarvoice's views on utility and relevance (within
9  reasonable parameters) and does not see what is happening as sandbagging.

10  The question then is what is reasonable. It is hard to tell on this record. The court ordered the
11  following, which seems the appropriate balancing of all the interests and imposes a rough
12  proportionality of deposition time.

13  First, the court ordered an additional 20 hours of non-party depositions for Bazaarvoice.

14  Second, the parties disclosed their preliminary fact witness lists yesterday. Bazaarvoice's
15  preliminary count is 130. Bazaarvoice said that of course it was not going to call that many
16  witnesses (and the trial model does not permit that overkill), but that is not very helpful now. The
17  court ordered that the parties supplement their preliminary witness lists with a short (one line or so)
18  summary of the facts that the witnesses are expected to testify to. This is triage, so the order is not
19  meant to set positions in stone (but the court also expects diligence). As part of this process, the
20  parties should prioritize and designate – to the extent that they can – their fifteen most important
21  witnesses. (The court recognizes that this implicates trial strategy, but the one-line summary
22  probably is not a strategy-breaker for anyone.)

23  Third, the parties should exchange their proposed deposition schedule for the remainder of fact
24  discovery and should designate the approximate length of the depositions, locations, and whether the
25  proposed depositions are in-person or by telephone. The court's view is that most of the non-party
26  witnesses with "new" hours should be telephonic. Given that they are taking between 45 to 90
27  minutes, there probably is a questionnaire approach to the depositions, and the court's view also is
28  that the government probably can minimize burdens on the trial team by deploying newer lawyers

1 who at least will get the deposition experience.

2 Bazaarvoice suggested that the 20 additional hours were not enough. The government said that
3 they probably were too many (although again, the court's view is that burden on the government can
4 be mitigated by outsourcing telephone depositions away from the trial team). Given the effect on
5 Bazaarvoice's business, the court's view is that a sufficient illumination of the fact lay of the land is
6 an important systemic value, and at the same time, abbreviated time lines means that all stones
7 probably cannot be overturned.

## CONCLUSION

This disposes of ECF No. 66.

**IT IS SO ORDERED.**

Dated: June 11, 2013

_____
LAUREL BEELER
United States Magistrate Judge