UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>BAZAARVOICE, INC.,<br>　　　　Defendant. | Case No.   13-cv-00133-WHO<br><br>**PRE-TRIAL ORDER** |

The Court has received the parties' stipulation to continue the bench trial date until September 23, 2013.  Accordingly, the Court adopts the following pretrial schedule:

**PRETRIAL SCHEDULE**

TRIAL DATE: September 23, 2013 at 8:00 a.m. in Courtroom 12.  The Court anticipates holding trial from 8:00 a.m. to 1:00 p.m., or later to accommodate witness scheduling, Monday through Thursday, until completion.

TRIAL LENGTH:  No more than 12 days.

PRETRIAL CONFERENCE DATE: September 9, 2013, at 2:00 p.m.

**1.   Pretrial Conference and Statement**

By August 12, 2013 (at least 28 days prior to the Pretrial Conference), counsel shall exchange (but not file or lodge) the papers described in Civil L.R. 16-10(b)(7), (8), (9) and (10), and any motions in limine.

By August 19, 2013 (at least 21 days before the Pretrial Conference), lead trial counsel shall meet and confer with respect to:

- Preparation and content of the joint pretrial conference statement;

- Resolution of any differences between the parties regarding the preparation and content of the joint pretrial conference statement and the preparation and exchange of pretrial materials to be served and lodged pursuant to this Order. To the extent such differences are not resolved, the parties will present the issues in the pretrial conference statement so that the judge may rule on the matter during the Pretrial Conference; and
- Settlement.

By August 26, 2013 (at least 14 days prior to the Pretrial Conference), the parties shall file a joint pretrial conference statement containing the following information:

   a. The Action

      (i) <u>Substance of the Action</u>. A brief description of the substance of claims and defenses which remain to be decided.

      (ii) <u>Relief Prayed</u>. A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents, or other evidentiary material to be presented concerning the amount of those damages.

   b. The Factual Basis of the Action

      (i) <u>Undisputed Facts</u>. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

      (ii) <u>Disputed Factual Issues</u>. A plain and concise statement of all disputed factual issues which remain to be decided.

      (iii) <u>Agreed Statement</u>. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

      (iv) <u>Stipulations</u>. A statement of stipulations requested or proposed for pretrial or trial purposes.

   c. Disputed Legal Issues

      (i) <u>Points of Law</u>. Without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions setting

2

1  forth briefly the nature of each party's contentions concerning each disputed point of law,
2  including procedural and evidentiary issues.
3                      (ii) <u>Proposed Conclusions of Law</u>.  Unless otherwise ordered, parties should
4  briefly indicate objections to proposed conclusions of law.
5           d.  Trial Preparation
6                      (i) <u>Witnesses to be Called</u>.  A list of all witnesses likely to be called at trial, other
7  than solely for impeachment or rebuttal, together with a brief statement following each name
8  describing the substance of the testimony to be given.
9                      (ii) <u>Exhibits, Schedules and Summaries</u>.  A list of all documents and other items to
10 be offered as exhibits at the trial, other than solely for impeachment or rebuttal, with a brief
11 statement following each describing its substance or purpose and the identity of the sponsoring
12 witness.  Unless otherwise ordered, parties will indicate their objections to the receipt in evidence
13 of exhibits and materials lodged and that counsel have conferred respecting such objections.
14                      (iii) <u>Use of Discovery Responses</u>.  Counsel shall cite possible presentation at trial
15 of evidence, other than solely for impeachment or rebuttal, through use of excerpts from
16 depositions, from interrogatory answers, or from responses to requests for admission.  Counsel
17 shall indicate any objections to use of these materials and that counsel has conferred respecting
18 such objections.
19                      (iv) <u>Further Discovery or Motions</u>.  A statement of all remaining discovery or
20 motions, including motions in limine.
21          e.  Trial Alternatives and Options
22                      (i) <u>Settlement Discussion</u>.  A statement summarizing the status of settlement
23 negotiations and indicating whether further negotiations are likely to be productive.
24                      (ii) <u>Amendments, Dismissals</u>.  A statement of requested or proposed amendments
25 to pleadings or dismissals of parties' claims or defenses.
26                      (iii) <u>Bifurcation, Separate Trial of Issues</u>.  A statement of whether bifurcation or a
27 separate trial of specific issues is feasible and desired.
28 **2.     Findings of Fact and Conclusions of Law**

Each party shall serve and lodge with the Court by August 26, 2013 (fourteen days prior to the Pretrial Conference) proposed Findings of Fact and Conclusions of Law on all material issues. Proposed Findings shall be brief, written in plain English, and free of pejorative language, conclusions and argument. Parties shall deliver to Chambers copies of Proposed Findings of Fact and Conclusions of Law on a CD/DVD in Word format. Each proposed finding of fact shall include a hyperlink to evidence supporting that proposed finding of fact (e.g., exhibits, other documentary materials, discovery responses), which shall also be included on the CD/DVD delivered to Chambers. The CD/DVD label shall include the name of the parties, the case number and a description of the documents.

**3.    Exhibits**

   a.    <u>Provide Copies of Exhibits to Other Parties</u>.  Each party shall provide every other party with one set of all proposed exhibits, charts, schedules, summaries, diagrams, and other similar documentary materials to be used in its case in chief at trial, together with a complete list of all such proposed exhibits. Voluminous exhibits shall be reduced by elimination of irrelevant portions or through the use of summaries. Each item shall be pre-marked with a trial exhibit sticker (not deposition exhibit label), and defendant's exhibit numbers shall be sequenced to begin after plaintiff's exhibit numbers. If there are numerous exhibits, they should be provided in three-ring binders with marked tab separators. All exhibits which have not been provided as required are subject to exclusion.

   b.    <u>Stipulations re Admissibility</u>.  By August 26, 2013 (fourteen days prior to the Pretrial Conference), the parties shall make a good faith effort to stipulate to exhibits' admissibility. If stipulation is not possible, the parties shall make every effort to stipulate to authenticity and foundation absent a legitimate (not tactical) objection.

   c.    <u>Objections to Exhibits</u>.  In addition to the exhibit list, counsel shall confer with respect to any other objections to exhibits in advance of the Pretrial Conference. Each party shall file and serve a statement briefly identifying each item objected to, the grounds for the objection, and the position of the offering party fourteen days prior to the date set for the Pretrial Conference.

   d.    <u>Provide Copies of Exhibits to Court</u>.  Three sets of exhibits shall be provided to the

Court on the Friday prior to the trial date.  Each set shall be in binders, marked, tabbed, and indexed and shall be delivered/mailed directly to Chambers.  Parties are to comply with Local Rule 16-10(b)(7).

      e.     <u>Disposition of Exhibits after Trial</u>.  Upon the conclusion of the trial, each party shall retain its exhibits through the appellate process.  It is each party's responsibility to make arrangements with the Clerk of Court to file the record on appeal.

**4.**     **Motions In Limine**

Any party wishing to have motions in limine heard prior to the commencement of trial must file and serve same no later than fourteen days prior to the date set for the Pretrial Conference.  All motions in limine shall be contained in one document, limited to 25 pages pursuant to Civil L.R. 7-2(b), with each motion listed as a subheading.  Opposition to the motions in limine shall be contained in one document, limited to 25 pages, with corresponding subheadings, and shall be  filed and served no later than seven days prior to the Pretrial Conference.  No reply papers will be considered.  The motions will be heard at the Pretrial Conference or at such other time as the Court may direct.  No leave to file under seal will be granted with respect to motions in limine.

**5.**     **Other Pretrial Matters**

      a.     <u>Settlement Conferences</u>.  Parties wishing to arrange a settlement conference before another judge or Magistrate Judge may do so by contacting the Courtroom Deputy.

      b.     <u>Daily Transcripts</u>.   Should a daily transcript and/or realtime reporting be desired, the parties shall make arrangements with Debra Campbell, Court Reporter Supervisor, at 415-522-2079 or Debra_Campbell@cand.uscourts.gov, at least 14 calendar days prior to the trial date.

**6.**     **Miscellaneous**

      a.     The Court takes a photograph of each witness prior to the witness' testimony.

      b.     Please DO NOT call Chambers.  If you need to contact the Courtroom Deputy, please call (415) 522-2077 and leave a message if the deputy is not available.

**IT IS SO ORDERED.**

Dated: July 16, 2013


_____
Honorable William H. Orrick
United States District Court Judge