ROGERS JOSEPH O'DONNELL
Dennis J. Callahan (State Bar No. 250854)
dcallahan@rjo.com
311 California Street
San Francisco, California 94104
Telephone: 415.956.2828
Facsimile: 415.956.6457

Attorneys for Third Party
PRACTICAL DATA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BAZAARVOICE, INC.,<br><br>Defendant. | Case No. 13-cv-00133-WHO<br><br>**THIRD-PARTY PRACTICAL DATA, INC.'S REQUEST TO MAINTAIN CONFIDENTIALITY**<br><br>Date:     Sept. 19, 2013<br>Time:    10:00 AM<br>Dept.:    Courtroom 2<br>Judge:   William H. Orrick |

Third party Practical Data, Inc. ("Practical Data") respectfully submits this request to maintain confidentiality in accordance with this Court's September 10, 2013 Order Regarding Use of Third Party Materials and Deposition Testimony at Trial (the "Order"). The Declaration of Joel Jimenez is filed in support of this request.

The United States of America ("Plaintiff") and Bazaarvoice, Inc. ("Defendant") obtained documents and deposition testimony from third party Practical Data. The Defendant is a larger company than Practical Data and is a direct competitor with respect to certain aspects of Practical Data's business. Therefore, Practical Data does not want its confidential information and/or trade secrets made available to the Defendant or any other competitor or potential competitor. In a continued effort to maintain the secrecy of certain information and pursuant to the March 4, 2013 Protective Order entered in this case, documents produced by Practical Data that contain extremely private business information were designated as "Highly Confidential – Attorneys'

Eyes Only." Practical Data has not contended and does not contend that the deposition testimony it provided is confidential.

By letters dated September 11, 2013, both the Plaintiff and Defendant notified Practical Data that the parties may use the documents and testimony provided by Practical Data at trial in this case, and each provided Practical Data with a copy of the Order. As required in paragraph 2 of the Order, because Practical Data intends to maintain the "Highly Confidential – Attorneys' Eyes Only" designation of documents it produced, Practical Data hereby submits this formal request.

California law protects against the misappropriation of trade secrets. *See IMAX Corp. v. Cinema Technologies, Inc.*, 152 F.3d 1161, 1166 (9th Cir. 1998). Under California law, a "trade secret" is defined as information that an owner takes reasonable measures to keep secret and derives independent economic value, actual or potential, from not being generally known to the public. Cal. Civ. Code § 3426.1. The documents produced by Practical Data contain trade secrets and confidential information that should be protected from disclosure to the public, including the Defendant and Practical Data's other competitors. Specifically, Practical Data has produced the following information which contains trade secrets and confidential information:

1. Practical Data's client list related to a reviews system product for which Defendant is a direct competitor, as the list contains client and purchase information which Practical Data expended considerable efforts to compile. *See MAI Sys. Corp. v. Peak Computer, Inc*., 991 F.2d 511, 521 (9th Cir.1993), *cert. denied,* 510 U.S. 1033, 114 S.Ct. 671, 126 L.Ed.2d 640 (1994) (holding that a customer database qualifies as a trade secret because it has potential economic value to allow a competitor to direct its sales efforts to potential customers).

2. A breakdown of Practical Data's revenues based on each of the products that it sells, as this could reveal sensitive information about Practical Data's sales strategies to competitors. *See Louisiana Pacific Corp. v. Money Market 1 Institutional Investment Dealer*, 285 F.R.D. 481, 490 (N.D. Cal. 2012) (holding that a party had met its burden in demonstrating that its designation of sensitive financial information as "for attorney's eyes only" was proper, since the information could be used to reveal strategies and practices to potential competitors).

3. Sales correspondence (emails) between Practical Data and its customers related to a reviews system product for which the Defendant is a direct competitor. These emails contain confidential pricing details, other information about Practical Data's sales processes, and information on particular customers' needs and preferences. *See*

*Brocade Comm. Sys., Inc. v. A10 Networks, Inc.*, 873 F.Supp. 2d 1192, 1213-14 (N.D. Cal. 2012) (holding that historical purchasing information from customers qualified as information "routinely given trade secret protection").

4. Practical Data's internally created list of customers who are believed to have moved from the Defendant to Practical Data for its reviews system product. *See MAI Sys.*, 991 F.2d at 521.

Further, Practical Data takes reasonable measures to keep this information secret, including by limiting access to the co-founders only, password protecting, and not otherwise sharing this information except with accountants and lawyers for Practical Data. *See Religious Tech. Ctr. v. Netcom On-Line Communication Servs.,* 923 F.Supp. 1231, 1253 (N.D. Cal. 1995) (finding that "reasonable efforts" could include "advising employees of the existence of a trade secret, limiting access to the information on a 'need to know basis,' and keeping secret documents under lock.").

In conclusion, Practical Data respectfully requests that the information listed herein be maintained as "Highly Confidential – Attorneys' Eyes Only," and not be disclosed to any party to this proceeding or to the public.

Dated: September 18, 2013
ROGERS JOSEPH O'DONNELL

By: */s/ Dennis J. Callahan*
DENNIS J. CALLAHAN

Attorneys for Practical Data, Inc.