UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BAZAARVOICE, INC.,<br><br>Defendant. | Case No. 13-cv-00133-WHO<br><br>**ORDER REGARDING SEALING OF THIRD PARTY DOCUMENTS AND DEPOSITION TESTIMONY AT TRIAL** |

Plaintiff United States and defendant Bazaarvoice, Inc. have identified documents and deposition transcripts from third parties for use as trial exhibits at the upcoming trial, portions of which third parties have designated as confidential pursuant to the Protective Order entered in this matter. A number of the third parties have moved to seal those purportedly confidential documents at trial, alleging that they contain trade secrets or other protectable information. On September 19, 2013, the Court held a hearing to discuss the procedure for receiving the third parties' allegedly confidential material and for ruling on their motions to seal.

It is worth noting that there is a "strong presumption" in favor of maintaining public access to trial proceedings and evidence. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). To overcome this strong presumption and seal trial evidence, a party must articulate compelling reasons supported by specific factual findings. *Id.* Preventing the release of trade secrets may constitute a compelling reason. *Id.* (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). But blanket allegations of trade secrets, without elaboration or specific linkage with the evidence, does not satisfy the burden of articulating a compelling reason. *Kamakana*, 447 F.3d at 1184. Further, a non-party's reliance on a protective order "is not a compelling reason that rebuts the presumption of access." *Id.* at 1183.

In order to preserve whatever rights the third parties may have to maintain the confidentiality of exhibits and testimony in question, and to insure public access to the proceedings and the evidence, the Court will receive but not admit the third parties' allegedly confidential exhibits and deposition transcripts during trial. The courtroom will not be closed to the public during the trial. However, material designated as confidential will not be discussed during trial and it will not be published absent Court approval.

At the hearing on September 19, 2013, the Court indicated that it will rule on the admissibility of the received exhibits and transcripts that are subject to a motion to seal, and on the motions to seal, at the conclusion of the trial testimony, and that any third party wishing to supplement its motion to seal must do so by October 3, 2013.[1] That will be the Order of the Court with the following exception: the United States has indicated that it wishes the Court to review the videotaped depositions of the representatives of Reevoo, Demand Media, and AutoZone during the first week of trial. The Court will rule on the requests to seal regarding those depositions after reviewing the depositions. If Reevoo, Demand Media or AutoZone wish to supplement their motions to seal with respect to those depositions, they should do so no later than the close of business on Tuesday, September 24, 2013.

The United States and Bazaarvoice, Inc. shall continue to comply with the Protective Order. To the extent either party has decreased the number of exhibits and/or transcripts containing confidential information that will be introduced from a particular company, the United

---

[1] The third parties shall ensure that their motions to seal are reflected on the Court's ECF system. Third parties who have relied upon hard copy filing shall review the electronic docket prior to October 3, 2013 to verify that their pleadings are properly reflected in the record.

States and Bazaarvoice, Inc. shall notify the affected third party on or before September 26, 2013, of their reduced, current exhibit list.

**IT IS SO ORDERED**.

Dated: September 20, 2013



_____
WILLIAM H. ORRICK
United States District Judge