UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BAZAARVOICE, INC.,<br><br>Defendant. | Case No. 13-cv-00133-WHO<br><br>**ORDER REGARDING REMEDY PHASE**<br><br>Re: Dkt. No. 245 |

## BACKGROUND

On January 8, 2014, the Court issued its Memorandum Opinion, ECF No. 244, holding that Defendant Bazaarvoice, Inc.'s acquisition of PowerReviews, Inc. violated Section 7 of the Clayton Act, 15 U.S.C. § 18. The Court ordered the parties to submit a Joint Statement Regarding Remedy Phase to address the procedures to be used during the remedy phase of this litigation. Plaintiff United States of America and Defendant Bazaarvoice submitted a JOINT STATEMENT REGARDING REMEDY PHASE AND ORDER pursuant to the Court's order, which the Court now adopts with some minor modifications.

**I.    BRIEFING SCHEDULE**

A.    The United States will file a motion for Final Judgment, accompanied by a Proposed Final Judgment and a brief in support of its Proposed Final Judgment, no later than **February 12, 2014**.

B.    Bazaarvoice will file its opposition brief no later than **March 5, 2014**.

C.    The United States will file its reply no later than **March 12, 2014**.

D. If it finds that further proceedings are necessary, the Court will schedule a hearing to address the remedy for Bazaarvoice's violation of Section 7 of the Clayton Act on **April 2, 2014** at 2 p.m.

## II. INFORMATION TO BE PROVIDED

Both parties agree that further information is needed to supplement the record for determining a Final Judgment. Accordingly, Bazaarvoice shall conduct a reasonable search and produce documents, data, or a description relevant to the below items requested by Plaintiff:

A. A list of all PowerReviews Enterprise customers, as of the time Bazaarvoice acquired PowerReviews, and for each customer, indicate the fees that have been paid to Bazaarvoice since the merger closed;

B. For each customer identified in response to II.A, (1) whether the customer is still a Bazaarvoice customer; and (2) whether the customer has migrated from the PowerReviews Enterprise platform to any Bazaarvoice platform. For each customer that has migrated to a Bazaarvoice platform, describe the circumstances surrounding the migration (e.g., commercial terms, incentives, costs associated with migration, and whether migration was requested by the customer);

C. All customer contracts for customers identified in response to II.A;

D. A list of current customers using Bazaarvoice Express, including those that were originally PowerReviews Express customers;

E. A list of post-merger syndication connections that were established between customers using any Bazaarvoice R&R platform and customers using any PowerReviews R&R platform;

F. The status of any integration of PowerReviews features or functionality into any Bazaarvoice platform, whether or not completed, planned, or in progress;

G. All PowerReviews and Bazaarvoice patents, including those that are still pending;

H. The lease for the Bazaarvoice office space in San Francisco that was formerly occupied by PowerReviews;

1     I.      All current Bazaarvoice employees who were formerly employed by
2 PowerReviews;

3     J.      For each individual identified in response to II.I, his or her current title, as well as
4 his or her former PowerReviews title;

5     K.      Any new R&R features that Bazaarvoice has made commercially available to any
6 R&R customer since the merger closed;

7     L.      Any new R&R features that Bazaarvoice has made available to any PowerReviews
8 customer since the merger closed; and

9     M.      A copy of Bazaarvoice's monthly balance sheet and monthly income statement for
10 each of the past 24 months, broken down by platform, if possible.

11     Nothing herein shall require Bazaarvoice to produce privileged material or to produce a
12 privilege log. Bazaarvoice shall have the right to designate any produced materials
13 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to the Protective Order.
14 Bazaarvoice shall provide the United States the materials described in Items II.A-M above after a
15 reasonable search no later than **January 31, 2014**

16     Bazaarvoice reserves the right to produce other materials and information it believes would
17 be relevant to the determination of an appropriate remedy. Bazaarvoice shall make a good faith
18 effort to produce any such materials to Plaintiff by **January 31, 2014**. If Bazaarvoice locates
19 additional materials or information after January 31, 2014 which it would like the Court to
20 consider, it shall produce such materials immediately to Plaintiff. Plaintiff reserves the right to
21 object at any point to the consideration of such material if it believes Bazaarvoice has not acted in
22 good faith.

23     Bazaarvoice shall make a good faith effort to make a reasonable number of employees
24 available to the United States for the purposes of responding to informational inquiries. The
25 United States will provide at least forty-eight hours notice for any request for an informational
26 inquiry.

27 **III.    MEDIATION**

28     Magistrate Judge Corley is available to help the parties narrow or resolve the remaining

1  issues in dispute.  Any such discussions should occur simultaneously with the remedy phase
2  administered by this Court.

4  **IT IS SO ORDERED**.
5  Dated: January 22, 2014


WILLIAM H. ORRICK
United States District Judge