Peter K. Huston (CA Bar No. 150058)
United States Department of Justice, Antitrust Division
450 Golden Gate Avenue
San Francisco, CA  94102
Telephone:  (415) 436-6660
Facsimile:  (415) 436-6687
E-mail:  peter.huston@usdoj.gov

Michael D. Bonanno (DC Bar No. 998208)
United States Department of Justice, Antitrust Division
450 Fifth Street, NW, Suite 7100
Washington, DC  20530
Telephone:  (202) 532-4791
Facsimile:  (202) 616-8544
E-mail: michael.bonanno@usdoj.gov

Attorneys for Plaintiff United States of America

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>BAZAARVOICE, INC.<br><br>*Defendant*. | Case No. 13-cv-00133 WHO<br><br>**CONSENT MOTION TO ENTER THIRD AMENDED [PROPOSED] FINAL JUDGMENT**<br><br>Judge:     Hon. William H. Orrick |

**CONSENT MOTION TO ENTER THIRD AMENDED
[PROPOSED] FINAL JUDGMENT**

Pursuant to the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), plaintiff United States moves for entry of the Third Amended [Proposed] Final Judgment ("TAPFJ"), which is attached as Exhibit 1.  As explained below, the proposed Final Judgment contains one addition to the stipulated proposed Final Judgment filed with the Court on April 24, 2014, adding Section V.F, which requires Bazaarvoice to appoint an antitrust compliance officer. Bazaarvoice has consented to this modification.  Ex. 2 ¶ 8.  The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry of the

proposed Final Judgment is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") and this motion explain why entry of the proposed Final Judgment is in the public interest. Attached to this motion as Exhibit 2 is an Affidavit and Certificate of Compliance with the Provisions of the Antitrust Procedures and Penalties Act ("Certificate of Compliance") setting forth the steps taken by the parties to comply with all applicable provisions of the APPA.

I. Background

On January 10, 2013, the United States filed a Complaint in this matter alleging that the consummated acquisition of PowerReviews Inc. by Bazaarvoice, Inc. would substantially lessen competition for ratings and reviews ("R&R) platforms in the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. The United States alleged that this loss of competition would likely result in higher prices for R&R platforms and less innovation. Following a full trial on the merits, on January 8, 2014, the Court issued a Memorandum Opinion finding that Bazaarvoice had violated Section 7 of the Clayton Act when it acquired PowerReviews.

The United States and Bazaarvoice ultimately reached an agreement on a remedy to resolve the matter. On April 24, 2014, the United States filed a proposed Final Judgment and a Stipulation signed by the parties, which consented to entry of the proposed Final Judgment after compliance with the requirements of the APPA. The Court entered the Stipulation on April 25, 2014, ordering Bazaarvoice to, amongst other matters, comply with the terms of the proposed Final Judgment pending its entry by the Court.

On May 8, 2014, the United States filed the CIS, explaining how the proposed Final Judgment would remedy the harm from Bazaarvoice's acquisition of PowerReviews. During the APPA public comment period, the United States did not receive any comments on the proposed Final Judgment. Entry of the proposed Final Judgment would terminate this action, except that the Court would retain jurisdiction to (1) construe, modify, or enforce provisions of the Final Judgment; and (2) punish violations of the Final Judgment.

## II. Modification to the April 24, 2014 Proposed Final Judgment

Pursuant to the April 24, 2014 proposed Final Judgment, and following approval of the United States, Bazaarvoice divested the PowerReviews assets to Viewpoints, Inc. in a transaction that closed on July 2, 2014.

At the end of July 2014, the United States became aware there was a question whether Bazaarvoice was improperly continuing to use certain PowerReviews technology that the proposed Final Judgment required it to divest. Bazaarvoice stopped the conduct in question as soon as the United States raised its concerns, and each party investigated what happened. While Bazaarvoice maintained that its conduct was consistent with its obligations under the Court's order, the United States was concerned that the lack of timely communication between Bazaarvoice and the United States led to an investigation and dispute that could have been avoided by a greater focus from the company on its compliance obligations. As a means of fully resolving this matter, the United States and Bazaarvoice have agreed to modify the proposed Final Judgment to require Bazaarvoice to appoint an internal compliance officer to oversee the company's efforts to comply with the Final Judgment and the antitrust laws.

The United States believes this modification will minimize the potential for future disputes and ensure the company is focused on its compliance responsibilities. The compliance officer's duties are set forth in Section V.F of the proposed Final Judgment submitted with this motion.[1] Bazaarvoice has agreed to appoint such a compliance officer and has consented to entry of the modified proposed Final Judgment attached to this motion. Subject to the Court's approval, this modification fully resolves the United States' concerns.

## III. Compliance with the APPA

The APPA requires a 60-day period for submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the CIS with the Court on May 8, 2014 and published the proposed Final Judgment and CIS

---

[1] Aside from the addition of Section V.F, there are no other changes to the proposed Final Judgment from the stipulated version submitted to the Court on April 24, 2014.

in the *Federal Register* on May 20, 2014, *see* 79 Fed. Reg. 28,949 (May 20, 2014).  Summaries of the terms of the proposed Final Judgment and CIS, together with directions for submission of written comments relating to the proposed Final Judgment, were also published in the San Francisco Chronicle, from May 14, 2014 through May 16, 2014 and May 19, 2014 through May 22, 2014, and the Washington Post, from May 12, 2014 through May 16, 2014 and May 19, 2014 through May 20, 2014.  The 60-day public comment period ended on July 21, 2014.  The United States did not receive any comments on the proposed Final Judgment.  The Certificate of Compliance filed as Exhibit 2 to this Motion and Memorandum states that all the requirements of the APPA have been satisfied.  It is now appropriate for the Court to make the public interest determination required by 15 U.S.C. § 16(e) and to enter the proposed Final Judgment.

The modification to the original stipulated proposed Final Judgment, requiring Bazaarvoice to appoint an antitrust compliance officer, does not require additional public notice and comment.  The United States and the courts have concluded that notice to the public and an opportunity for comment are appropriate where significant decree modifications are proposed after the Final Judgment has been entered.[2]  Here, however, the decree has not been entered and the modifications do not relieve Bazaarvoice of any of its obligations under the original proposed Final Judgment; rather, the proposed modifications only serve to effectuate the relief contained in the original Final Judgment by bolstering Bazaarvoice's compliance regime.  The proposed modifications are therefore not significant decree modifications for the purpose of assessing the need for public comment, and no notice or public comment period is necessary for a determination that they are in the public interest.[3]

---

[2] *See United States v. AT&T,* 552 F. Supp. 131, 144-45 (D.D.C. 1982); *aff'd sub nom Maryland v. United States,* 460 U.S. 1001 (1983).

[3] In other antitrust consent decrees, courts have made non-material modifications of final judgments without requiring notice to the public and an opportunity for comments. *United States v. Microsoft*, Civil Action No. 98-1232 (D.D.C. September 7, 2006 and April 22, 2009); *United States v. Halliburton and Dresser Industries*, Civil Action No. 98-2340 (D.D.C. March 13, 2000); *United States v. Tidewater, Inc., et al.*, Civil Action No. 92-106 (D.D.C. October 7, 1992); *United States v. Baker Hughes*, Civil Action No. 90-0825 (D.D.C. June 20, 1990).

## IV. Standard of Judicial Review

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16 (e)(1). In making that determination, the Court may consider:

    A.    the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

    B.    the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A)-(B).

In its CIS, the United States set forth the legal standards for determining whether the proposed Final Judgment is in the public interest under the APPA and now incorporates those statements by reference. The public has had the opportunity to comment on the proposed Final Judgment as required by the APPA. As explained in the CIS and this Motion, entry of the proposed Final Judgment is in the public interest.

## V.  Conclusion

For the reasons set forth in this Motion and the CIS, the United States respectfully requests that the Court find that the proposed Final Judgment (as modified) is in the public interest and enter the proposed Final Judgment without further proceedings.

//

//

1  Dated: December 1, 2014                Respectfully submitted by:

2

3                                                              /s/ Michael D. Bonanno
                                          Michael D. Bonanno (DC Bar No. 998208)
4                                         United States Department of Justice
                                          Antitrust Division
5                                         450 Fifth Street, NW, Suite 7100
                                          Washington, DC 20530
6                                         Telephone: (202) 532-4791
                                          Facsimile: (202) 616-8544
7                                         E-mail: michael.bonanno@usdoj.gov

8                                         Attorneys for Plaintiff United States of America

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28